NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0366n.06

No. 08-4122

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ABDUL KHALIQUE TUNU,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　ON PETITION FOR REVIEW OF A
　　　　　　　　　　　　　　　　　　　　)　FINAL ORDER OF THE BOARD OF
ERIC H. HOLDER, Jr., Attorney General of the United　)　IMMIGRATION APPEALS
States,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

Before: MERRITT, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Petitioner Abdul Khalique Tunu petitions for review of the Board of Immigration Appeals' denial of his application for withholding of removal and protection under the Convention Against Torture. We deny the petition.

I.

Tunu is a 51-year-old native and citizen of Bangladesh. On September 2, 2001, Tunu was admitted to the United States as a non-immigrant visitor for pleasure with permission to remain until September 1, 2002. He overstayed his visa, and on January 7, 2004, the Department of Homeland Security (DHS) commenced removal proceedings against him by filing a Notice to Appear (NTA) before an Immigration Judge (IJ), charging him with being removable pursuant to section 327(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B).

On March 19, 2004, Tunu appeared before an IJ and filed a defensive application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Tunu alleged a fear of persecution and torture in Bangladesh because of his membership in the Awami League, an opposition political party there.

Tunu based his fear of persecution on three incidents, but offered conflicting testimony regarding the first incident in his IJ hearing. In his asylum application, Tunu claimed that, in 1989, "[he] and the General Secretary of the [Awami League] advertised extensively to convince people to attend [a] rally," that he was beaten by members of the Jatiya Party (JP) while attending the rally, was arrested and falsely accused of murdering a politician after the rally, and detained for three days. He later testified before the IJ, however, that he had merely attended "a meeting[,]" that the "BNP . . . c[a]me over . . . and assault[ed] [me][,]" and that he was only charged with being in "a big fight and the procession."

At the close of the hearing, the IJ denied all of Tunu's claims for relief, finding that his testimony was not credible, and that Tunu therefore had not established a clear probability of persecution or torture in Bangladesh. The Board of Immigration Appeals (BIA) affirmed the IJ's decision on all grounds.

This petition for review followed.

II.

A.

Tunu seeks withholding of removal and CAT protection. An alien seeking withholding of removal has "a more stringent burden than what is required on a claim for asylum," and must

demonstrate "that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). CAT protection is available where an applicant can show it is "more likely than not that he will be tortured" by or "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" upon his removal. 8 C.F.R. §§ 1208.16(c)(2); 1208.18(a)(1).

"Where, as here, the BIA expressly adopts and affirms the IJ's decision but adds comments of its own, we directly review the decision of the IJ while also considering the additional comments made by the [BIA]." *Elias v. Gonzales*, 490 F.3d 444, 449 (6th Cir. 2007).

We review an adverse-credibility determination for substantial evidence, *see Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004), and will uphold the determination "unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B). An adverse-credibility determination must be based on "issues that go to the heart of the applicant's claim[,]" rather than "irrelevant inconsistenc[ies]." *Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004).

Tunu contends that the IJ's and BIA's adverse-credibility determinations are not supported by substantial evidence. We disagree. The record reveals at least three significant inconsistencies between Tunu's asylum application, on the one hand, and his testimony before the IJ, on the other. First, Tunu's assertion in his asylum application that he was assaulted by the JP conflicted with his later testimony that the BNP assaulted him. Tunu argues that BNP and JP are actually one political party, but this explanation is undermined by record evidence demonstrating that the BNP and the JP are rival political parties. Tunu later conceded that the BNP and the JP are different parties, and that he had merely "forgotten" the JP's involvement. But an applicant should be normally able to recall

the identity of his assailants, *see Bakiu v. Keisler*, 253 F.App'x 557, 561-62 (6th Cir. 2007), and the fact that Tunu could not supports the IJ's and BIA's adverse-credibility determination.

Second, Tunu's assertion in his application that the police falsely charged him with murdering a politician conflicted with his later testimony that he was charged only with being part of "a big fight and the procession." Tunu contends that his failure to mention the murder charge was immaterial. But "omissions may form the basis of an adverse-credibility determination, provided that they are substantially related to the asylum claim." *Liti v. Gonzales*, 411 F.3d 631, 637 (6th Cir. 2005). This omission was substantially related to Tunu's claims.

Third, Tunu's assertion in his asylum application that "[he] and the General Secretary of the [Awami League] advertised extensively to convince people to attend [a] rally" was likewise inconsistent with his later testimony, in which he omitted any reference to organizing a demonstration and said only that he attended "a meeting." This omission too is substantially related to his claims.

These inconsistencies are substantial evidence in support of the adverse-credibility determinations, particularly when considered in light of the IJ's finding that Tunu's testimony was non-responsive, evasive, and scripted. And the adverse-credibility determinations here in turn foreclose any finding that Tunu has met the standard for relief with respect to either of his claims.

Finally, Tunu argues that the IJ was biased against him, in violation of his due process rights. An IJ is afforded broad discretion "to control the manner of interrogation in order to ascertain the truth[,]" *Iliev v. INS*, 127 F.3d 638, 643 (7th Cir. 1997), and a petitioner bears the burden of

No. 08-4122
*Tunu v. Holder*

establishing a violation of his due process rights. *See Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir.

2006). We have carefully reviewed the record here, and find no violation.

For these reasons, we deny the petition.